NATCHEZ & S. RY. CO. *v.* GUICE.[*]

(Division B.  Oct. 13, 1924.)

[101 So. 439.  No. 24265.]

1. RAILROADS.  *Injuries to person unloading car held actionable.*

Where a carrier places cars on a service track to be unloaded by the consignee, and has knowledge that a person is inside the car for the purpose of unloading it, and moves the car to another serv-

ice track, and in the switching movements violently causes an impact of unusual force, by which the person so unloading the car is injured, it is liable for the damages so caused to such person.

2. TRIAL, *Refusal of instruction, inapplicable to or unsupported by evidence, not erroneous.*

It is not error for the court to refuse an instruction not applicable to the evidence, or which is not supported by the evidence.

*Headnotes 1. Railroads, 33 Cyc, p. 810; 2. Trial, 38 Cyc, p. 1619.

APPEAL from circuit court of Adams county.

HON. R. L. CORBAN, Judge.

Action by John A. Guice against the Natchez & Southern Railway Company. From a judgment for plaintiff, defendant appeals. Affirmed.

*Ratcliff & Kennedy,* for appellant.

The plaintiff charges, in effect, in his declaration as the basis of his right of recovery and of negligence on the part of the employees of defendant, that the defendant owed him the duty to notify him of the intended movement of cars from one switch track to another and to handle its cars with care and caution, etc., and that no notice was given him of any intention to move the cars from one service track to another and that the cars, including the one in which he was, was violently and negligently shunted or struck by the rapidly moving engine and cars being operated by employees of defendant, with full knowledge of his being in one of said cars. This is, we think, a fair statement of the allegation of the declaration in condensed form.

Now, let us apply these allegations to the evidence. We think it cannot be denied on the whole evidence: First, that at the beginning of this transaction Mr. Guice was located in a car consigned to him, which was located on the service track of Stein & Hicks, which was being unloaded under the supervision of Mr. Guice. Under the evidence it may be contended, though it is difficult for us

to see how, that Mr. Guice was not notified of the intended movement of this car in which he was, on Stein & Hicks spur, but this is wholly immaterial, as it is certain that Mr. Guice knew by the actual facts of the movement that the car was being moved; whether he had been notified of the movement by the employees of the defendant is immaterial, nor is it material whether the cars were handled with reckless disregard of plaintiff's rights or his safety while on the Stein & Hicks spur, because it is perfectly clear from the evidence of Mr. Guice that he was not hurt by reason of anything done by the defendant's employees while on the Stein & Hicks spur, but he distinctly charges in his declaration that after he was transferred from the Hicks spur to the Rumble & Wensel spur, the employees of defendant violently shunted or bumped another car against the one in which he was, knocking him down and throwing cases of canned goods upon him, causing his injuries, and there is absolutely no dispute but that the place of his alleged injuries was on the Rumble & Wensel spur, at the north end thereof. It is our contention from this record that no negligence has been shown on the part of the company or its employees which would have occasioned or did cause the stacked cases in the car to fall.

The second instruction given for the plaintiff is error. There is nothing in the declaration or in the evidence to support this instruction, especially the latter part thereof, wherein it is stated: ''And this is true even though the jury may further believe that said injury was caused by and in the spotting of said car or cars and not by other cars being pushed or backed against said car in which plaintiff was, after being spotted.'' Mr. Guice may have been injured during the spotting of the cars but if the cases, in the condition and position they were, fell over on him by the ordinary and unavoidable jostling or bumping of the cars, and without negligence of the crew, there could not be any liability on the part of the defendant.

In other words, the latter part of this instruction should have informed the jury that if the injury occurred while spotting the cars, it must have been on account of the negligence of the employees. If it occurred from the unavoidable jostling in moving and spotting the cars, the defendant would not have been liable, and this instruction is for this reason fatally defective, and was not only misleading but a positive statement that the jury could find for plaintiff if Guice received injuries while the cars were being spotted, without regard to any negligence of the employees at the time.

*Luther A. Whittington,* for appellee.

The declaration charged that it was the duty of defendant to notify the plaintiff of the intended movement of the cars from one service track to another, but notwithstanding this duty, the defendant wholly failed to perform same in moving the cars from one track to another, and the declaration further specifically charged that after said cars had been placed on the Rumble & Wensel service track and while the plaintiff was in the act of re-engaging in unloading the car, the defendant, its servants, agents and employees, caused another car or engine to be violently bumped against the car in which he was then and there engaged as aforesaid, with great force and violence so as to cause the cases of canned goods piled and stacked in the car to fall down upon and against him and to inflict upon him the injuries complained of. The declaration specifically charged that it was the duty of the defendant "in switching, pushing, shoving or shunting cars on to said service track to exercise due care and caution to avoid striking any car that might be on said track with such force and violence as might cause injury to any person then in such car engaged in loading or unloading freight from and into said cars."

We submit to the court that the evidence of Mr. Guice, of Ed. McMorris, and of Will Roy abundantly establishes the true and specific charge that the defendant, its servants, agents, and employees backed the car or engine into and bumped with great force and violence the car in which Mr. Guice was engaged in unloading freight; that as a result of the bumping of said car the piled and stacked cases of canned goods were thrown down upon and against Mr. Guice with such force that he was injured, bruised, and wounded.

We call the court's attention to the further fact, which is undisputed in this case, and that is that the engine and cars came on the service track of Stein & Hicks coupled to the two cars consigned to Mr. Guice, pulled them off of this track, and that while doing this no canned goods were thrown down and out, and no injury was done to Mr. Guice; it is self-evident therefore that after said cars were placed on the Rumble & Wensel track a more careless and negligent handling and operation of the engine and cars was had, for the reason that canned goods were thrown down in the car, and one was thrown out of the door of the car. In the face of the clear and convincing evidence introduced in behalf of the plaintiff as to how the injury was received and in view of the failure of the defendant to explain in any manner whatever how the injury occurred, we submit to the court that from the facts in this case, there can be but one conclusion for jury and that was to find for the plaintiff, and that, therefore, the verdict in this case was wholly in accord with the facts as testified to by the witnesses in the case.

As we understand and interpret counsel's brief, the only objection that it made to the instructions given by the court in this case is an objection to the second instruction given by the court to the plaintiff. It will be observed that plaintiff was given only five instructions. We submit to the court that the second instruction clearly stated the law, and plainly stated the law, and the facts

submitted in evidence were in support of the allegations of the declaration in this case.

Argued orally by *E. H. Ratcliff,* for appellant and *L. A. Whittington,* for appellee.

ETHRIDGE, J., delivered the opinion of the court.

The appellee was plaintiff in the court below and brought suit for a personal injury against the appellant. The plaintiff was a broker, and had consigned to him at Natchez, Miss., certain cars of merchandise, which were placed upon the track used by the defendant for placing cars so that customers could procure their merchandise from the cars for unloading the same. Plaintiff was in the car in question unloading certain merchandise, and while he was in the car the car was removed from the storage tracks upon which it was situated to another storage track and placed upon the second track, and the engine had been disconnected and moved away, but returned and backed into the car in which the plaintiff was superintending the unloading, and struck the car with such force and violence that it threw the plaintiff down and caused the boxes of merchandise to fall upon him, inflicting the injury for which he sued. The plaintiff's version of the affair is that it was the custom for many years for customers to unload their merchandise by this method; that the servants of the defendant knew he was in the car at the time it was struck; that the striking was of such force and violence as to be negligence on the part of the defendant. The proof for the defendant showed that the servants of the defendant knew that plaintiff was in the car; one of the employees testifying that the plaintiff requested permission to remain in the car, which was granted to him. The depot agent, who had general control, also testified that it was customary for parties to unload cars in the manner above indicated, and that de-

fendant permitted people to ride in the car while it was being moved from one place to another for the purpose of unloading, and that plaintiff had a right to be in the car at the time he was injured. One of the employees of the defendant testified that, right after the alleged injury, he went to the car and looked in, and that plaintiff claimed to be injured, but denied that the boxes were disarranged, or that any of them had fallen out of place. The plaintiff is supported in his version of the affair by some truck drivers, who were loading the trucks from the cars; ' while the servants of the defendant denied that the impact was violent or negligent, or that any unusual force was used in making the connections and movements.

It is urged that the court below erred in refusing the following instruction, requested by the defendant:

"The court instructs the jury, for defendant, that if they believe the cars were cautiously and prudently handled, and the company was not negligent in the handling of same, but that the injuries to Mr. Guice, if any, were caused solely by the arrangement and stacking of the cases on the inside of the car, which condition was known to him, and brought about by himself or under his direction, and the company did not know of such added danger, if any, brought about by Guice himself, or under his direction, in rearranging the cases inside the car, if Guice's handling of the cases and stacking parts thereof, so that there was added danger, then he is responsible for any injury he may have received, by loose cases falling on him, and not the railroad company, and in such case your verdict should be, 'We, the jury, find for the defendant.' "

There was no evidence that Guice had rearranged the boxes in the car. The only evidence is that he had taken some of them out, but the manner in which the remainder were left in the car is not shown by the record in any such manner as to indicate that Guice's action had made the situation more dangerous than it was as loaded when

handled by the railroad. Furthermore, it is not the position of the defendant in the trial that Guice had produced a situation of this kind, but the witness for the defendant testified positively that after the alleged injury the cases were not disturbed or thrown down, but were intact in position and all right. In other words, the defendant disputed the facts claimed by the plaintiff to have caused the injury.

We find no merit in the other assignments of error.

*Affirmed.*